**William ANTONICH, Appellant,**

v.

**ITALGRANI ELEVATOR CORPORATION,**
**Appellee.**

**No. 87–1207.**

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1987.

Decided July 30, 1987.

Michael D. Stokes, St. Louis, Mo., for appellant.

Joseph H. Mueller, St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

William Antonich appeals from a final judgment entered in the District Court for the Eastern District of Missouri in favor of Italgrani Elevator Corp. (Italgrani) in this personal injury negligence action. For reversal, Antonich argues that the district court erred in finding that he was a statutory employee barred from bringing the present suit under the Missouri Workers' Compensation Law, Mo.Rev.Stat. § 287.-040, and in granting summary judgment on that ground. For the reasons discussed below, we reverse the judgment of the district court and remand the case for further proceedings.

In this common law negligence action, Antonich alleged that he was injured while working as a freight elevator operator at Italgrani's grain elevator facility and that his injuries were the direct result of Italgrani's negligence. Italgrani asserted as an affirmative defense in its answer that it

was Antonich's statutory employer as that term is defined by the Missouri Workers' Compensation Law, and, as such, was immune from a negligence suit. Italgrani thereafter filed a motion for summary judgment based on its claimed status of statutory employer.

Italgrani established, and Antonich does not dispute, that at the time of the alleged injury, Antonich was performing work pursuant to a contract between Italgrani and Wm. R. Montgomery & Associates, Inc., Antonich's actual employer. The contract called for Wm. R. Montgomery & Associates, Inc., to furnish labor and materials to construct a monorail beam and support at Italgrani's facility. Italgrani supported its motion by an affidavit stating that Antonich's job of operating the freight elevator at Italgrani's plant was in furtherance of Italgrani's usual business and was a job that had been and continued to be performed by Italgrani's own direct employees. Based on these facts, Italgrani argued that it was entitled to judgment as a matter of law. Antonich did not respond to the motion for summary judgment. The district court granted the motion without comment and this appeal followed.

Antonich argues on appeal that Italgrani's failure to show the inapplicability of a statutory exception to the statutory employer defense and the district court's failure to address this exception precluded the granting of summary judgment. We agree.

The Missouri Workers' Compensation Law, Mo.Rev.Stat. § 287.040, provides as follows:

(1) Any person who has work done under contract on or about his [or her] premises which is an operation of the usual business which he [or she] there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his [or her] subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his [or her] business.

....

(3) The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contactor but such independent contractor shall be deemed to be the employer of the employees of his [or her] subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

Although the purpose of this section is to prevent an employer from evading workers' compensation liability, *Miller v. Municipal Theatre Ass'n*, 540 S.W.2d 899, 906 (Mo.Ct.App.1976), it also operates to take away the common law rights of employees to recover damages for work-related injuries suffered on the premises caused by the negligence of certain third parties by defining the third parties as statutory employers even though they are not actual employers.

■ Whether or not a worker is a statutory employee whose exclusive remedy is under the Missouri Workers' Compensation Law is a question of fact. *Huff v. Union Electric Co.*, 598 S.W.2d 503, 515 (Mo.Ct. App.1980) (*Huff*). To be classified as a statutory employee, the evidence must show that (1) work was being performed under contract, (2) the injury occurred on or about the premises of the claimed statutory employer, and (3) the injury occurred while the employee was doing work in the usual course of business of the claimed statutory employer. *Wallace v. Porter De-Witt Construction Co.*, 476 S.W.2d 129, 131 (Mo.Ct.App.1971).

■ In the present case, Italgrani established these three essential facts by way of the unrefuted evidence presented in support of its motion for summary judgment. These facts are not subject to relitigation. Italgrani, however, did not mention in its summary judgment motion the "improvements" exception to the statutory employer defense contained in § 287.040(3).

In *Huff*, the Missouri Court of Appeals held that if the work being done at the time of the injury was "in the usual course of business of the claimed statutory employer but also [was] the erection of improvements by an independent contractor on premises owned by the claimed statutory

**684**

employer, the exception in § 287.040.3 applies." 598 S.W.2d at 515. The state court also held that a defendant who pleads the statutory employer defense must also plead the inapplicability of the improvements exception. *Id.* at 514–15.

Whether particular work being done on an owner's premises constitutes "improvements" is a question of fact to be determined upon the particular circumstances of each case. *See Murphy v. Kingsland Investment Co.,* 400 S.W.2d 69, 70 (Mo.1966). We conclude that in the present case, Italgrani's failure to show that the improvements exception did not apply left a material fact unresolved. Summary judgment may be granted under Fed.R.Civ.P. 56(c) only if the moving party shows that "there is no genuine issue as to any material fact and that [he or she] is entitled to a judgment as a matter of law." We hold that the district court erred in granting summary judgment on the record before it.

Accordingly, the judgment of the district court is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.